# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (Baltimore Division)

PARIS D. SMITH,                                            Civil Action No. 1:25-cv-01513
Plaintiff,

v.

Central Booking & Intake Center, Belinda Conaway, Baltimore City Sheriff
Department, Sheriff Corey Hanniable and Michele E. Loewenthal
Defendant(s),

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### JURY TRIAL DEMANDED

## I. INTRODUCTION

1. This is a civil action seeking redress under 42 U.S.C. § 1983 for violations
of the Due Process Clause and Equal Protection Clause of the Fourteenth
Amendment to the United States Constitution.

2. On October 11, 2023, immediately following a hearing in the appeal of the
plaintiff grandmother's estate  Eloiuse Underdue, from the Baltimore City
Orphans' Court, the plaintiff Paris D Smith was unlawfully placed in
handcuffs by Baltimore City bailiff Cory Hannibal.

3. On October 11, 2023, Baltimore City bailiff Cory Hannibal transported the
plaintiff through non-public areas of the courthouse where she was
confined in a holding cell from approximately **12:00 p.m. to 5:00 p.m.**
stating that he was acting under the direction of his supervisor.

4. Around 5:00pm on October 11, 2023, the plaintiff, Paris D Smith  was
transferred via the Baltimore City Sheriff's Department to the **Central
Booking and Intake Center**, despite the absence of a warrant, a judicial
order, or any directive from a Circuit Court judge or law enforcement
agency.

5. On October 11, 2023  Plaintiff, Paris D. Smith, was unlawfully detained, searched, and coerced into financial payment without due process while being imprisoned at Central Booking & Intake Center from October 11, 2023 to October 13, 2023.

6. The plaintiff was tortured for three days by being unlawfully detained in a cell placed under maximum security and given a SID number 3036395  at the Central Booking and Intake Center for 23 hours a day, from October 11 to October 13, 2023.

7.On  October 12, 2023, while the plaintiff  was unlawfully detained at the Baltimore City Central Booking and Intake Center, a **habeas corpus order** was issued by **Michelle Lowenthal**, an Baltimore City elected official for Baltimore City Orphans court, directing that the  Plaintiff  be transported to the Orphans' Court for a hearing regarding the estate of the plaintiff grandfather/ adopted father Ernest Underdue estate.

8.Upon arrival at the Baltimore City Orphans Court,  the plaintiff Paris D Smith was brought into the courtroom in full restraints, including **leg shackles, wrist restraints, and belly chains**, and flanked by **two uniformed Baltimore City  correctional officers**, in addition to a **Baltimore City Sheriff's deputy**  present during the unlawful hearing.

9. The proceeding was conducted by **Michelle Lowenthal**, who presided as if she were a **sitting Circuit Court judge** while the Baltimore City Register of Wills Belinda Conaway also attended the hearing, both individuals are elected officials and not appointed judicial officers—positions with limited judicial authority.

10. During the hearing, I plaintiff Paris D. Smith was ordered to produce a **cashier's check in the amount of $5,330.94** made payable to an alleged interested party of estate in the matter of Ernest Underdue, despite the absence of legal standing, probate authority, or adjudicated judgment authorizing such a payment.

11. After receiving the check, **Judge Lowenthal stated to the plaintiff, "You are now free,"** and I the plaintiff was immediately released from the Baltimore City Orphans courtroom and returned to Central Booking, where I the plaintiff was detained for an additional twenty four hours due to the lack of legal standing of the Baltimore City Orphans Court to request such relief of a prisoner.

12. On October 13, 2023 the plaintiff Paris D. Smith was processed for release from the Baltimore City Central Booking & Intake Center without formal charges and lawful justification for the detention and coerced financial transfer.

- These unauthorized and extrajudicial actions appear to have been conducted internally due to the absence of due process or lawful cause.
- The Defendants acted under color of state law and subjected Plaintiff to unlawful seizure, involuntary confinement, and discrimination without justification or legal process.

## II. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because this action arises under the Constitution and laws of the United States.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in the District of Maryland.

## III. PARTIES

15. Plaintiff, Paris D. Smith, is a resident of Windsor, Pennsylvania.

16. Defendant Belinda Conaway, Baltimore City Register of Wills,Michele Lowenthal Baltimore City Orphans Court alleged judge, Cory Hannible, Baltimore City courtroom Bailiff and the Baltimore City Central Booking & Intake Center was acting under color of state law and is being sued in their official and individual capacity.

## IV. FACTUAL ALLEGATIONS

17.Plaintiff, **Paris D. Smith**, is the **sole legal legatee** of the estate of her late grandfather, **Ernest Underdue**, who died on **September 7, 2003**, in Baltimore City, Maryland. His **Last Will and Testament**, dated **October 1,**

**1997**, was filed and docketed under Estate No. 000000065536. The Will identified **his wife, Elouise Underdue**, as a beneficiary, with Plaintiff named as a successor heir.

18. Upon the death of **Elouise Underdue** on **July 4, 2020**, her estate (Estate No. 000000201662) was opened as a **small estate** in the same jurisdiction. The Register of Wills records confirm that **Ernest Underdue's will remained in force**, unrevoked, and incorporated into the estate filings of Elouise Underdue.

19. As **Elouise Underdue predeceased the final resolution and full distribution of Ernest Underdue's estate**, and in accordance with the testamentary documents and applicable Maryland inheritance law, Plaintiff has now become the **rightful and exclusive legatee** entitled to the full residual interests of **Ernest Underdue's estate**.

20. Plaintiff's legal status has been acknowledged in multiple probate filings and should have afforded her full legal standing, protections, and access to the estate's assets. Instead, she has been subjected to coercive financial demands, unlawful judicial intervention, and personal detention—all in connection to an estate to which she is the legatee.

21. On or about October 11, 2023, during a court appearance, Plaintiff was unlawfully seized and detained by courthouse personnel, without charges, a warrant, or court order.

22. Plaintiff was transported to jail, strip-searched, fingerprinted, and held for 72 hours.

23. On October 12, 2023 she was shackled and forcibly brought back to Baltimore City Orphans court, where she was coerced into issuing a cashier's check in the amount of $5,330.94 to a Nakenya Thomas, claiming lineage to Ernest Underdue twenty years after his death.

24. Plaintiff's appeals and motions were pending at the time, and no legal grounds existed to compel her detention or financial penalty.

25. The plaintiff was released only after intervention from medical staff and administrators.

26. These actions were undertaken in retaliation for prior filings and grievances made by the Plaintiff concerning probate misconduct and judicial bias.

27. Plaintiff suffered emotional distress, reputational harm, financial loss, and constitutional violations as a direct result.

## V. CLAIMS FOR RELIEF
Count I – Violation of Due Process (14th Amendment) – 42 U.S.C. § 1983

28. Defendants deprived Plaintiff of liberty and property without lawful process or justification.

29. Plaintiff was not afforded notice, hearing, or judicial order for her detention or compelled payment.

Count II – Violation of Equal Protection (14th Amendment) – 42 U.S.C. § 1983

30. Plaintiff was targeted and treated differently due to her status as a pro se litigant, estate beneficiary, and for prior complaints filed against local officials.

Count III – Unlawful Seizure (4th Amendment) – 42 U.S.C. § 1983

31. The arrest, detention, and shackling of Plaintiff were unreasonable, unsupported by warrant or probable cause, and in violation of her Fourth Amendment rights.

## VI. PRAYER FOR RELIEF
WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter the judgment in her favor and against all Defendants;

B. Award compensatory damages for emotional distress, unlawful detention, and loss of liberty; in addition

C. Award punitive damages for willful and malicious misconduct;

D. Declare that Defendants' conduct violated Plaintiff's constitutional rights;

E. Enjoin Defendants from engaging in future retaliatory or discriminatory acts;

F. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

G. An order directing the **Register of Wills for Baltimore City** to release and/or transfer full control and administration of both the **Ernest Underdue Estate (Estate No. 000000065536)** and the **Elouise Underdue Estate (Estate No. 000000201662)** to the Plaintiff, **Paris D. Smith**, as the **sole legal legatee and rightful beneficiary**, and to recognize Plaintiff's exclusive inheritance rights as established by the testamentary instruments and Maryland law.

H. Grant any other relief the Court deems just and proper.

**VII. JURY DEMAND**
Plaintiff demands a jury trial on all claims so triable.


Respectfully submitted,

Paris D. Smith, Pro Se Plaintiff

1245 Gardenia Dr.

Windsor, Pa 17366

717-804-3149

Parisdfrance@gmail.com