Civil Action No: **ABA-25-1513**

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

PARIS D. SMITH
**Plaintiff,**

v.

CENTRAL BOOKING AND INTAKE CENTER, et al.,

BELINDA CONAWAY

MICHELE LOEWENTHAL

CORRIE HANNIABLE

BALTIMORE CITY SHERIFF DEPARTMENT

**Defendants.**

USDC- BALTIMORE
'25 OCT 9 AM11:51

## AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEPRIVATION OF DUE PROCESS

Plaintiff, **Paris D. Smith**, brings this action against the above-named Defendants and states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343**, because this action arises under the Constitution and laws of the United States, including **42 U.S.C. § 1983**.

2. Venue is proper in this District under **28 U.S.C. § 1391(b)**, because the events giving rise to these claims occurred in Baltimore City, Maryland, which lies within this judicial district.

**HD**

1

Rcv'd by: _____

Civil Action No: **ABA-25-1513**

## II. PARTIES

3. **Plaintiff:** Paris D. Smith, an individual and duly named heir and legatee in the wills of Ernest Underdue and Elouise Underdue, residing in Baltimore, Maryland.

4. **Defendant Central Bookings and Intake Center:** A detention facility operated under the authority of Baltimore City and the State of Maryland.

5. **Defendant Belinda Conaway:** Register of Wills for Baltimore City, sued in her official and individual capacities.

6. **Defendant Michelle Lowenthal:** Judge of the Orphan's Court for Baltimore City, sued in her official and individual capacities.

7. **Defendant Baltimore City Sheriff's Department** and **Bailiff Corey Hannibal:** Responsible for enforcement of court orders and custody of detainees, sued in their official and individual capacities.

## III. FACTUAL ALLEGATIONS

8. Plaintiff was designated as Personal Representative and legatee under the duly executed wills of Ernest Underdue and Elouise Underdue in Baltimore City.

9. Plaintiff states that Defendant Belinda Conaway, acting in her official capacity as Register of Wills for Baltimore City, and Defendant Michelle Lowenthal, acting under color of state law and in concert with said office, unlawfully and without due process removed Plaintiff as the duly appointed Personal Representative of her late grandfather's Ernest Underdue estate. Defendants alleged that Plaintiff "misappropriated" estate funds; however, such funds were legally and rightfully bequeathed to Plaintiff as the legatee and sole beneficiary under both her grandmother's and grandfather's estates. Following the death of her grandmother, Elouise Underdue in 2020, Plaintiff became the rightful successor in interest to the decedents' assets pursuant to the terms of the wills and Maryland Estates and Trusts Article § 1-101 et seq.

10. Plaintiff's removal was executed without proper evidentiary finding, in contravention of the Fourteenth Amendment's guarantee of procedural due process and the requirements of Md. Code, Estates and Trusts § 6-306(a), which mandates judicial oversight before removal of a personal representative. Defendants' actions thereby constituted an abuse of authority and deprivation of property without due process of law, in violation of 42 U.S.C. § 1983.

11. Plaintiff was seized, searched and detained by Corey Hannibal of the Baltimore City Sheriff's Department on October 11, 2023 while attending the appealed Orphans court order regarding her grandmother Elouise Underdue estate in Baltimore City Circuit Court.

12. Plaintiff was unlawfully detained at Central Booking & Intake Center and assigned to a cell on the top-tier floor with violent criminal inmates. Despite repeated requests, Plaintiff was denied access to the commissioner, constituting unlawful detention in violation of *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), and deprivation of liberty without due process of law under the Fourteenth Amendment and 42 U.S.C. § 1983. Defendants further subjected Plaintiff to unconstitutional conditions of confinement in violation of *Bell v. Wolfish*, 441 U.S. 520 (1979).

13. On or about October 12, 2023, Plaintiff was forcibly transported by Correctional officers of the Maryland Department of Public Safety and Correctional Services from the Central Booking and Intake Center to the Orphans' Court for Baltimore City to appear before Defendant Michelle Lowenthal and Register of Wills Belinda Conaway as a material witness in the estate of Plaintiff's late grandfather Ernest Underdue.

14. During this proceeding on October 12, 2023, Plaintiff was compelled under duress to pay the sum of $5,330.94 to an unknown third-party interest allegedly associated with her grandfather's Ernest Underdue estate — nearly twenty (20) years after the decedent's death and the estate's original probate closure.

15. Plaintiff had no prior notice, opportunity to contest, or legal representation at this compelled payment hearing, and was under physical restraint and custody at the time of

the alleged transaction.

16. Immediately following the coerced payment, Plaintiff was returned to Central Booking, where she was held overnight without new charges, hearing, or lawful cause, in violation of her right to liberty and due process.

17. Plaintiff was released only after direct communication with the Warden and jail psychiatrist, underscoring the arbitrary and unlawful nature of her detention.

18. The actions of Defendants, taken under color of state law, deprived Plaintiff of both liberty and property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

19. The forced extraction of money during involuntary detention also constitutes an unreasonable seizure of property under the Fourth Amendment, as incorporated through the Fourteenth Amendment, and violates established precedent in *Fuentes v. Shevin*, 407 U.S. 67 (1972) (holding that significant property interests cannot be taken without prior notice and opportunity for hearing).

## IV. CLAIMS FOR RELIEF

**Count I – Unlawful Seizure and Detention (Fourth and Fourteenth Amendments; 42 U.S.C. § 1983)**

15. Defendants violated Plaintiff's right to be free from unreasonable seizure by detaining Plaintiff without probable cause, case number, warrant, or lawful process.

**Count II – Denial of Procedural Due Process (Fourteenth Amendment; 42 U.S.C. § 1983)**
16. Defendants deprived Plaintiff of liberty (through incarceration) and property (through compelled payment of $5,330.94) without notice, hearing, or lawful procedure.

**Count III – Abuse of Authority and Deprivation Under Color of Law (42 U.S.C. § 1983)**
17. Defendants, acting under color of state law, abused their authority by orchestrating Plaintiff's removal as Personal Representative, directing unlawful detention, and extracting funds contrary to the wills of Plaintiff's grandparents.                            ,

**Count IV – Personal Participation in Civil Rights Violations (42 U.S.C. § 1983)**

18. Section 1983 requires a showing of personal responsibility for the deprivation of constitutional rights. Respondeat superior liability does not apply. Each Defendant in this action personally engaged in conduct that directly deprived Plaintiff of liberty and property interests.

19. **Michelle Lowenthal, acting as an Orphans' Court Judge for Baltimore City,** exceeded her lawful jurisdiction by issuing and enforcing orders outside the limited statutory authority granted to the Orphans' Court under Maryland law. Specifically, Defendant Lowenthal personally facilitated and executed orders that led to Plaintiff's unlawful removal as Personal Representative of her grandfather's estate and to Plaintiff's coerced detention and compelled payment of $5,330.94 while under state custody — actions which the Orphans' Court had no jurisdiction to authorize. Under Md. Code, Estates & Trusts § 2-102, the Orphans' Court's jurisdiction is confined to the "probate of wills and the conduct of the administration of estates of decedents." The court possesses no criminal or enforcement authority and cannot order confinement, arrest, or financial collection outside the probate record.

20. **Register of Wills Belinda Conaway** personally engaged in actions leading to the diversion of estate funds, including directing or approving the payment of $5,330.94 to an individual not named in the wills, depriving Plaintiff of property without due process.

21. **Sheriff Corey Hannibal**, acting under color of law, personally ordered, approved, or directed Plaintiff's seizure, handcuffing, and transport to Central Bookings, knowing there was no warrant, no case number, and no lawful authority for detention.

22. **Deputies of the Baltimore City Sheriff's Department**, acting under Hannibal's command, personally placed Plaintiff in custody and facilitated her detention at Central Bookings for three days, without lawful cause. These were not supervisory or indirect actions; each Defendant acted affirmatively and personally in the deprivation of Plaintiff's rights, satisfying the requirements for liability under 42 U.S.C. § 1983.

23. The Supreme Court has made clear that §1983 liability attaches only to personal conduct: *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976) (plaintiff must show an affirmative link between the constitutional violation and the defendant's actions); *Monroe v. Pape*, 365 U.S. 167, 172 (1961) (state officials who personally commit unconstitutional acts under color of law are liable under

Civil Action No: **ABA-25-1513**

§1983).

24. Accordingly, each Defendant is personally liable to Plaintiff for violations of the Fourth and Fourteenth Amendments.

---

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

A. Compensatory damages in the amount of **$500,000** for unlawful detention, loss of liberty, financial harm, and emotional distress;B. Punitive damages against Defendants individually for abuse of authority;

C. Declaratory and injunctive relief restoring Plaintiff as rightful Personal Representative and heir of the estate of Ernest and Elouise Underdue;

D. Attorney's fees and costs under **42 U.S.C. § 1988**;

E. Any other relief the Court deems just and proper.

---

**Respectfully submitted,**

Dated: October 9,2025

**Paris D. Smith**
Pro Se Plaintiff
1245 Gardenia Dr, Windsor Pa 17366
717-804-4139
Parisdfrance@gmail.com

6

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

PARIS D. SMITH,                                        Civil Action No. ABA-25-1513

Plaintiff,

v.

CENTRAL BOOKING AND INTAKE CENTER, et al.,

BELINDA CONAWAY

MICHELE LOEWENTHAL

CORRIE HANNIABLE

BALTIMORE CITY SHERIFF DEPARTMENT

Defendants.

### CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2025, a copy of the foregoing Complaint in Support and Affidavits was mailed via first-class mail, postage prepaid, to the last known addresses of the Defendants.

---

Central Booking & Intake Center
Rosalyn Mcduffie- Warden
300 E. Madison Street
Baltimore, Maryland 21202

Central Booking & Intake Center
Carolyn J Scruggs Office of Secretary
Department of Public Safety & Correctional Services
6852 4th St., Sykesville, MD 21784

Belinda Conaway
3201 Liberty Heights Ave.
Baltimore, MD 21215

Michele Loewenthal
6205 Green Meadow Way
Baltimore, MD 21209

Baltimore City Sheriff Department & Baltimore City Deputy /Bailiff Corey Hannible
100 N Calvert St
Baltimore, MD 21202

**Paris D. Smith**
Pro Se Plaintiff
1245 Gardenia Dr,
Windsor  Pa 17366