**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

PARIS D. SMITH,                                  *

     *Plaintiff*,                              *

     v.                                          *    Case No. 8:25-CV-01513-ABA

CENTRAL BOOKING AND INTAKE
CENTER, *et al.*,                               *

     *Defendants*.                            *

     *     *     *     *     *     *     *     *     *     *     *     *

**DEFENDANTS' JUDGE MICHELE LOEWENTHAL, REGISTER OF WILLS
BELINDA CONAWAY, BALTIMORE CITY SHERIFF'S DEPUTY CORY
HANNIBAL, AND THE BALTIMORE CITY SHERIFF'S OFFICE
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants, Judge of the Orphans' Court for Baltimore City Michele E. Loewenthal

("Judge Loewenthal"), Register of Wills for Baltimore City Belinda Conaway ("Register

Conaway"), Baltimore City Sheriff's Deputy Cory Hannibal ("Deputy Hannibal"), and the

Baltimore City Sheriff's Office (the "Sheriff's Office"), by their undersigned counsel,

move to dismiss *pro se* Plaintiff's amended complaint, ECF 6, and in support submit this

memorandum of law.

**TABLE OF CONTENTS**

Page

INTRODUCTION AND FACTUAL BACKGROUND ...................................................... 3

STANDARD OF REVIEW ...................................................................................... 8

ARGUMENT ...................................................................................................... 9

I. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION ........................................................................................... 9

    A. Judge Loewenthal, Register Conaway, and Deputy Hannibal Enjoy Eleventh Amendment Immunity ……………………………………………………….. 9

    B. The Suit Against Judge Loewenthal Is Barred By Absolute Judicial Immunity ………………………………………..…………………………. 12

II. THE COURT SHOULD DISMISS ALL CLAIMS AGAINST THE "BALTIMORE CITY SHERIFF'S DEPARTMENT" BECAUSE IT IS NOT A LEGAL ENTITY SUBJECT TO SUIT ………………………………………………………………………… 14

III. MS. SMITH'S ARREST WAS PURSUANT TO A FACIALLY VALID WARRANT ………..……………………………………………………………………… 15

IV. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ........................................................................................................ 15

CONCLUSION ................................................................................................... 17

### INTRODUCTION AND FACTUAL BACKGROUND

This case originates from a dispute over the Estate of Ernest Underdue, Baltimore City Estate No. 65536 (the "Estate").  Ernest Underdue ("Mr. Underdue") died on September 7, 2003.  *See* Exhibit A.  The Plaintiff, Paris D. Smith ("Ms. Smith"), is a beneficiary under Mr. Underdue's Last Will and Testament dated October 1, 1997 (the "Will").  Exhibit B.  On September 30, 2003, Mr. Underdue's wife, Elouise Underdue ("Mrs. Underdue"), was appointed the personal representative of the Estate.  Exhibit C. The Estate was originally open for litigation purposes only.  Exhibit C.  After it was discovered that there were no assets in the Estate, it was closed.  Exhibit D.

Over the next fourteen years, the Estate occasionally received distributions from asbestos litigation settlements and, therefore, the Estate was reopened and Mrs. Underdue continued to serve as the personal representative.  *See* Exhibit E.  Pursuant to the administration accounts, Ms. Smith received her rightful distributions, and she never filed any exceptions to the administration accounts.  Exhibits E, A.  The only issue in the Estate was that Mrs. Underdue was unable to locate one of the legatees under the Will, Narkenya Underdue, a/k/a Nakenya Thomas ("Ms. Thomas"), and, therefore, her distributions were made to the local Board of Education.  Exhibit E.

On November 5, 2018, Ms. Smith filed a petition for removal of personal representative and for appointment of successor personal representative with the Orphans' Court for Baltimore City (the "Orphans' Court") citing Mrs. Underdue's "incompetency to the rules and regulations appointed to her as Executor," and her failure to distribute assets pursuant to the terms of the Will.  Exhibit F.  On January 29, 2019, Mrs. Underdue was

removed as personal representative of the Estate, and Ms. Smith was appointed her successor. Exhibit G. Over the next few years, Ms. Smith served as personal representative without incident. *See* Exhibit H.

On June 6, 2022, Angela Alson, one of the other beneficiaries under the Will, filed a petition for removal of personal representative and for appointment of successor personal representative with the Orphans' Court claiming that Ms. Smith was defaming family members online. Exhibit I. On July 20, 2022, Judge Loewenthal issued an order removing Ms. Smith as the personal representative of the Estate when it was discovered that she had misappropriated $5,330.94 from the Estate and intended for Ms. Thomas. Exhibit J. In the order, Ms. Smith was ordered to turn over the $5,330.94 to Ms. Thomas, as the new personal representative, within 60 days. Exhibit J.

On August 18, 2022, Ms. Smith filed an appeal to the Circuit Court for Baltimore City challenging Judge Loewenthal's July 20, 2022, order. Exhibit K. The Circuit Court affirmed Judge Loewenthal's order on March 7, 2023. Exhibit L.

Ms. Smith failed to reimburse the Estate, and on April 14, 2023, Ms. Thomas filed a petition for payment with the Orphans' Court. Exhibit M. On May 30, 2023, Judge Loewenthal issued another order directing Ms. Smith to reimburse the Estate and set a hearing for July 11, 2023, to review the status of the Estate. Exhibit N. A copy of the order was mailed to Ms. Smith at the address she reported on the amended complaint for this case. *See* Exhibit O. On May 30, 2023, the Orphans' Court issued a Subpoena to Ms. Smith for her appearance at the hearing and requiring her to provide proof of the reimbursement to the Estate. Exhibit P. The subpoena clearly stated, "YOU ARE

SUBJECT TO ARREST AND FINE FOR FAILURE TO OBEY THIS SUBPOENA."

Exhibit P.  A copy of the return envelope confirming Ms. Smith's receipt of the subpoena

is attached as Exhibit Q.  A sheriff's deputy also attempted in-person service on Ms. Smith

on May 30, 2023. Exhibit R.

Ms. Smith failed to appear at the July 11, 2023, hearing and Judge Loewenthal

issued a body attachment.  Exhibit S.  On July 14, 2023, Ms. Smith filed a motion to quash

writ of body attachment with the Orphans' Court.  Exhibit T.  In the motion, Ms. Smith did

not claim she did not receive a copy of the subpoena nor that she was unaware of the July

11, 2023, hearing.  Exhibit T.  Instead, she requested that the $5,330.94 she owes to the

Estate be taken from future distributions to her under the Will.  Exhibit T.  Judge

Loewenthal did not rule on Ms. Smith's motion.  Ms. Smith then had several months to

comply with Judge Loewenthal's July 11, 2023, order, but failed to do so.

On October 11, 2023, Deputy Hannibal arrested Ms. Smith at the Baltimore City

Circuit Courthouse, ECF No. 6, Amend. Compl. ¶ 11, and transported her to the Baltimore

City Central Booking and Intake Center ("Central Booking") where she was detained

overnight.  *See* Exhibit U.

On October 12, 2023, Ms. Smith appeared before Judge Loewenthal and presented

a cashier's check in the amount of $5,330.94.  Judge Loewenthal ordered Ms. Smith

released from custody.  Exhibit V.  A copy of the order was sent with Ms. Smith when she

was returned to Central Booking to be processed and released that day, October 12th.

It was discovered on October 13, 2023, that Ms. Smith had not been released on

October 12th and, therefore, a copy of the October 12th release order sent with Ms. Smith

to Central Booking the day before was then also faxed to Central Booking.  Exhibit W. Ms. Smith was released on October 13, 2023.  ECF No. 6, Amend. Compl. ¶¶ 16, 17.

On May 9, 2025, Ms. Smith filed a Civil Cover Sheet and exhibits with this Court. ECF No. 1, Civil Cover Sheet.  She did not file a complaint.  On July 23, 2025, Ms. Smith filed a complaint "seeking redress under 42 U.S.C. § 1983 for violations of the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution."  ECF No. 4, Compl. ¶ 1.  After review of the complaint, Judge Abelson determined that the complaint was "insufficient and does not comply with federal pleading requirements," and he issued an order allowing Ms. Smith 28 days to file an amended complaint that complies with the federal rules.  ECF No. 5, Order.

On October 9, 2025, Ms. Smith filed an amended complaint making similar allegations to those in her original complaint.  ECF No. 6, Amend. Compl.  In the amended complaint, Ms. Smith claims civil rights and Constitutional violations under 42 U.S.C. § 1983.  ECF No. 6, Amend. Compl. ¶¶ 15-18.  In Count I, Ms. Smith alleges that "Defendants violated Plaintiff's right to be free from unreasonable seizure by detaining [her] without probable cause, case number, warrant, or lawful process."  ECF No. 6, Amend. Compl. ¶ 15.  Ms. Smith further alleges in Count II that "Defendants deprived [her] of liberty (through incarceration) and property (through compelled payment of $5,330.94) without notice, hearing, or lawful procedure."  ECF No. 6, Amend. Compl. ¶ 16.  In Count III, Ms. Smith alleges that "Defendants, acting under color of state law, abused their authority by orchestrating [her] removal as Personal Representative, directing unlawful detention, and extracting funds contrary to the wills of [her] grandparents."  ECF

6

No. 6, Amend. Compl. ¶ 17.  And in Count IV, Ms. Smith alleges "[e]ach Defendant in this action personally engaged in conduct that directly deprived [her] of liberty and property interests."  ECF No. 6, Amend. Compl. ¶ 18.

Specifically, Ms. Smith alleges Judge Loewenthal "exceeded her lawful jurisdiction by issuing and enforcing orders outside the limited statutory authority granted to the Orphans' Court."  ECF No. 6, Amend. Compl. ¶ 19.  Ms. Smith further alleges that Register Conaway "personally engaged in actions leading to the diversion of estate funds, including directing or approving the payment of $5,330.94 to an individual not named in the wills, depriving Plaintiff of property without due process."  ECF No. 6, Amend. Compl. ¶ 20.  In addition, Ms. Smith alleges that Deputy Hannibal "personally ordered, approved, or directed Plaintiff's seizure, handcuffing, and transport to Central Booking, knowing there was no warrant, no case number, and no lawful authority for detention."  ECF No. 6, Amend. Compl. ¶ 21.  Finally, Ms. Smith alleges unnamed members of the Baltimore City Sheriff's office "personally placed Plaintiff in custody and facilitated her detention at Central Bookings for three days, without lawful cause."  ECF No. 6, Amend. Compl. ¶ 22.

Ms. Smith seeks compensatory and punitive damages in the amount of $500,000. ECF No. 6, Amend. Compl. §§ V.A., B.  Ms. Smith seeks reinstatement as the personal representative of the Estates of Ernest Underdue, Baltimore City Estate No. 65536, and Elouise Underdue, Baltimore City Estate No. 201662.  ECF No. 6, Amend. Compl. at § V.C.  Finally, Ms. Smith seeks costs and reasonable attorneys' fees.  ECF No. 6, Amend. Compl. § V.D.

**STANDARD OF REVIEW**

A court should grant a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In evaluating a challenge to the court's subject matter jurisdiction, a court is permitted to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id*. "[T]he court takes all well-pleaded factual allegations as true." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). However, a "court is not obligated to assume that [the] plaintiff's *legal conclusions or arguments* are also true." *Id.* (emphasis in original, internal quotations omitted).

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim should be granted when "it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs, Inc., v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss [for failure to state a claim,] the court should accept as true all of the well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Id*. The court, however, may disregard "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002), because the purpose of a Rule 12(b)(6) motion is to determine "the legal sufficiency of the complaint."

*Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  In addition to considering the complaint itself, the court can consider "matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and of unquestioned authenticity."  *Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017) (citations omitted).

A *pro se* complaint is to be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits" and courts are not required to "conjure up questions never squarely presented to them."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### ARGUMENT

**I.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

**A.    Judge Loewenthal, Register Conaway, and Deputy Hannibal Enjoy Eleventh Amendment Immunity.**

The claims against Judge Loewenthal, Register Conaway, and Deputy Hannibal (the "Individual Defendants") should be dismissed because they are barred under the Eleventh Amendment.

The Eleventh Amendment bars suit in federal court against states, their agencies, and officials acting in an official capacity, unless Congress abrogates the immunity, or a

state waives it.[1]  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Easy, Inc.*, 506 U.S. 139, 144 (1993).    "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."  *Bd. of Trs. of Univ. of Alabama v. Garrett,* 531 U.S. 356, 363 (2001).  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  "As such, it is no different from a suit against the State itself."  *Id.*

Ms. Smith sues the Individual Defendants in both their "official" and "individual" capacities.  ECF No. 6, Amend. Compl. ¶¶ 5, 6, 7.  However, even though a defendant is sued in her individual capacity, the Supreme Court has cautioned against "allowing an action to proceed simply because the complaint names a state official in his or her individual capacity."  *Martin v. Wood*, 772 F.3d 192, 195 (4th Cir. 2014).  Indeed, "the mere incantation of the term 'individual capacity' is not enough to transform an official capacity action into an individual capacity action."  *Lizzi v. Alexander*, 255 F.3d 128, 137 (4th Cir. 2001).  When a plaintiff brings an individual capacity suit, the court must determine if anything "in the remainder of the complaint, or in the record, undermines [that] clear statement" and shows that the state is the real party in interest.  *Adams v. Ferguson*, 884 F.3d 219, 225 (4th Cir. 2018).

---

[1] The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State."  U.S. Const. amend. XI.

Here, the Individual Defendants are clearly sued in their official capacity only. Each of the actions of the Individual Defendants that Ms. Smith complains about were taken as a Judge of the Orphans' Court, as the Register of Wills, and as a Sheriff's deputy. And Ms. Smith clearly identifies the Individual Defendants as "Michelle Lowenthal (sic): Judge of the Orphan's Court for Baltimore City," "Belinda Conaway: Register of Wills for Baltimore City," and "Corey (sic) Hannibal of the Baltimore City Sheriff's Department," in the amended complaint. ECF No. 6, Amend. Compl. ¶¶ 5, 6, 11.

Pursuant to Section 12-101(a)(12) of the State Government Article of the Maryland Code, "[A] judge of an orphans' court of a county or Baltimore City" is "State personnel." A Register of Wills is also "State personnel." State Gov. § 12-101(a)(1) ("'State personnel' means "a State employee or official who is paid in whole or in part by the Central Payroll Bureau in the Office of the Comptroller of the Treasury.") And both this Court and Maryland courts "ordinarily" and "consistently" treat sheriffs and their deputies as State officials. *Paulone v. City of Frederick*, 787 F. Supp. 2d 360, 375 (D. Md. 2011); *see also Ensor v. Jenkins*, No. ELH-20-1266, 2021 WL 1339760, at *22 (D. Md. March 25, 2021) (collecting cases). Therefore, the State of Maryland is the real party in interest in this case. *Will*, 491 U.S. 71.

The State of Maryland has not waived its sovereign immunity, nor has the State's sovereign immunity been abrogated by any of the legal theories advanced by Ms. Smith. Therefore, a suit brought in federal court for money damages against the Individual Defendants is an action against the State of Maryland and is barred by the Eleventh

Amendment.  *See Metcalfe*, 506 U.S. at 144.  In short, all of Ms. Smith's § 1983 claims brought against the Individual Defendants in their official capacity are barred.

To the extent that Ms. Smith makes any § 1983 claim against the Individual Defendants in their individual capacity, those claims also fail, because the narrow exception to Eleventh Amendment immunity articulated in *Ex parte Young*, 209 U.S. 123 (1908), does not apply here.  The exception in *Ex parte Young* provides that "individual state officers can be sued in their individual capacities for prospective injunctive and declaratory relief to end continuing or ongoing violations of federal law."  *MCI Telecom. Corp. v. Bell Atl.-Pa.*, 271 F.3d. 491, 506 (3d Cir. 2001).  To qualify under the *Ex Parte Young* exception to Eleventh Amendment immunity, the suit must name as a defendant a state officer who has a duty to enforce the challenged law.  209 U.S. at 155-57.  "To be amenable to suit under the Eleventh Amendment, there must exist a 'special relation' between the state official being sued and the challenged action."  *Wright v. North Carolina*, 787 F.3d 256, 261-62 (4th Cir. 2015) (quoting *Ex parte Young*, 209 U.S. at 157).  There is no such special relation alleged or existent here and the *Ex parte Young* exception does not apply.  For this reason, all of Ms. Smith's § 1983 claims brought against the Individual Defendants in their individual capacity are barred.

**B.     The Suit Against Judge Loewenthal Is Barred By Absolute Judicial Immunity.**

The claims against Judge Loewenthal are also barred by absolute judicial immunity. As a judge acting within her authority and discretion, Judge Loewenthal is immune from this suit alleging civil rights violations.  *Supreme Ct. of Virginia v. Consumers Union of*

*U.S., Inc.*, 462 U.S. 1137, 1141 (1983).   Judicial immunity "discourag[es] collateral attacks" and "free[s] the judicial process of harassment or intimidation."  *Forrester v. White*, 484 U.S. 219, 225-26 (1988).  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"  *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)).

Absolute judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." *Mireles,* 502 U.S. at 11. Absolute judicial immunity exists "however erroneous the act may have been, however injurious in its consequences it may have proved to the plaintiff."  *Bradley*, 80 U.S. at 347.  "Indeed, the doctrine of judicial immunity is so expansive that it is overcome only when (1) the action is nonjudicial, i.e., not taken in the judge's judicial capacity; or (2) the action, although judicial in nature, is performed in the complete absence of all jurisdiction."  *Cogswell v. Rodriguez*, 304 F. Supp. 2d 350, 356 (E.D. N.Y. 2004) (citing *Mireles*, 502 U.S. at 11-12).

Here, Ms. Smith's only interaction with Judge Loewenthal was when Judge Loewenthal presided over hearings in the Estate.  Presiding over estate administration hearings is precisely the type of judicial action covered by judicial immunity.  Pursuant to Section 2-102(a)(1) of the Estates and Trusts Article of the Maryland Code, Judge Loewenthal, as an orphans' court judge, is expressly authorized to, "(i) [c]onduct judicial probate; (ii) *[d]irect the conduct of a personal representative*; (iii) *[s]ummon witnesses*;

and (iv) *[i]ssue orders that may be ... [r]equired in the course of the administration of an estate of a decedent.*" (emphasis added). In addition, Judge Loewenthal has "the same legal and equitable powers to effectuate [her] jurisdiction, *punish contempts*, and carry out [her] orders, judgments, and decrees as a court of record with general jurisdiction in equity." Est. & Trusts § 2-103 (emphasis added). Therefore, Ms. Smith cannot make a reasonable claim that Judge Loewenthal was without jurisdiction to render a judgment in the Estate. *See Parker v. State*, 337 Md. 271, 282 (1995) ("[A] judge who has a general jurisdictional authority to perform the kinds of acts for which he is sued is absolutely immune from civil liability for those acts.").

Because all of Ms. Smith's claims against Judge Loewenthal are based upon her judicial acts in determining issues brought before her as a judge of the Orphans' Court, they are barred by absolute judicial immunity and must be dismissed.

## II. THE COURT SHOULD DISMISS ALL CLAIMS AGAINST THE "BALTIMORE CITY SHERIFF'S DEPARTMENT" BECAUSE IT IS NOT A LEGAL ENTITY SUBJECT TO SUIT.

The Court should dismiss the claims against the Sheriff's Office, because it is not a legal entity subject to suit. "Maryland courts have long recognized that a county sheriff's office is not a legal entity capable of being sued." *Coster v. Maryland*, No. GLR-21-65, 2021 WL 5605027, at *11 (D. Md. Nov. 30, 2021); *see also Boyer v. State*, 323 Md. 558, 572 n.9 (1991) ("Neither the Constitution nor any other provision of law of which we are aware creates a governmental agency known as the 'Sheriff's Department.' Consequently, . . . [it] is not an entity capable of being sued."); *Hines v. French*, 157 Md. App. 536, 578

14

(2004) (holding "the Harford County Sheriff's Office is not a separate legal entity capable of being sued and, consequently it was properly dismissed as a defendant").

This Court should, therefore, dismiss the amended complaint against the Baltimore City Sheriff's Office.

**III.   MS. SMITH'S ARREST WAS PURSUANT TO A FACIALLY VALID WARRANT.**

Ms. Smith's § 1983 claims against Deputy Hannibal sounding in unlawful search and seizure must fail because she was arrested pursuant to a facially valid writ of body attachment. *See* Exhibit S; *see also Southerland v. Garcia,* 483 F. App'x 606, 608 (2d Cir. 2012) (holding that an arresting officer cannot be held liable for false arrest when the arrest was made "pursuant to a facially valid warrant") (citing *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005) and *Brooks v. City of Aurora*, 653 F.3d 478, 483 n.5 (7th Cir. 2011)); *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007).

Ms. Smith makes no specific allegations that call into question the validity of the writ of body attachment. The writ of body attachment, a valid warrant, provided Deputy Hannibal with lawful authority to seize, search, and detain Ms. Smith. There are no court records showing the absence of legal authority for Deputy Hannibal to carry out his job, which included seizing, searching, and facilitating Ms. Smith's initial detention. Because Ms. Smith was arrested at the direction of a judicially issued writ of body attachment, all claims against Deputy Hannibal must be dismissed.

**IV.   PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

15

556 U.S. 662, 678 (2009).  Federal Rule of Civil Procedure 8(a)(2) requires that "[a] pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief."  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678.  A pleading must allege something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*

A court has discretion to determine the level of clarity that is necessary, and "[*p*]*ro se* plaintiffs … are generally given more leeway than parties represented by counsel." *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing CHARLES A. WRIGHT AND ARTHUR R. MILLER, 5 FEDERAL PRACTICE & PROCEDURE § 1217 (2d Ed. 1990)). However, even *pro se* litigants must set forth claims that are understandable so that the complaint "serve[s] as a useful starting point for any litigation."  *Id*.

Ms. Smith has not provided this Court with a clear statement of facts necessary to constitute any cause of action against the Individual Defendants.  The only thing that Ms. Smith has established is that, as an Orphans' Court judge, Judge Loewenthal presided over the administration of the Estate.  In doing so, Judge Loewenthal found Ms. Smith in contempt for failure to comply with a court order and issued a legal writ of body attachment.  And, pursuant to the writ, Deputy Hannibal arrested Ms. Smith, and she was detained at Central Booking.  Ms. Smith has established nothing else.  And Ms. Smith has not alleged any facts which support a cause of action against Register Conaway.  Instead, the amended complaint is full of conclusory statements and legal conclusions not supported by the facts.  And the few factual allegations she makes regarding her standing in the Estate

16

are not supported by the record in the Estate.  Ms. Smith has not identified a cause of action, the elements of the cause of action, nor how the actions of the Individual Defendants satisfy those elements.

Ms. Smith's "conclusions" and "'naked assertion[s]' devoid of 'further factual enhancement'" fall well short of necessity of alleging facts to support the elements required of any cause of action.  *Ashcroft*, 556 U.S. at 678.  Additionally, her misunderstanding of the law leads her to draw conclusions about the Individual Defendants that are outright false.  Accordingly, the amended complaint against the Individual Defendants should be dismissed.

**CONCLUSION**

The motion to dismiss should be granted and the claims against the Individual Defendants should be dismissed with prejudice.

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Mark H. Weisner

_____

MARK H. WEISNER
Federal Bar No. 21471
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
mweisner@oag.maryland.gov
(410) 576-7293
Attorneys for Defendants, Michele E.
Loewenthal and Belinda Conaway

/s/ Alexis I. Gbemudu

_____

ALEXIS I. GBEMUDU
Federal Bar No. 22021
Assistant Attorney General
Office of the Attorney General
200 St. Paul Pl, 20th Floor
Baltimore Maryland, 21202
agbemudu@oag.maryland.gov
(410) 576-7011
Attorneys for Defendants, Baltimore
City Sheriff's Office and Deputy Cory
Hannibal